**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOSH HAYNES,                                                                                    PLAINTIFF
ADC # 139661

v.                                            4:16CV00890-BRW-JJV

EDWARDS, Major, White
County Detention Center; *et al*.                                                   DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court<br>
Eastern District of Arkansas<br>
600 West Capitol Avenue, Suite A149<br>
Little Rock, AR 72201-3325

**<u>DISPOSITION</u>**

## I.      BACKGROUND

Josh Haynes ("Plaintiff") is incarcerated at the Tucker Unit of the Arkansas Department of Correction and filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 1.)  Plaintiff alleges that while he was incarcerated at the White County Detention Center, he was harassed and treated inhumanely and unjustly by Defendants, either out of retaliation or because of personal vendettas Defendants held against him.  (*Id*. at 4.)  Plaintiff includes four allegations of improper treatment: (1) holding him in twenty-three hour lockup when he belonged in open population; (2) the "handling" of his food; (3) keeping him from "all outside contacts"; and (4) endangering his life by "not answering speaker."  (*Id*.)  Plaintiff seeks monetary and injunctive relief for these alleged violations.  (*Id*. at 5.)

After careful review of the Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II.     SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).

2

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts."  *Id.*  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    ANALYSIS

The crux of Plaintiff's Complaint is that all those "in connection with" the White County Detention Center were, at the time he was confined there, "working together making [him] suffer in all ways unjust as possible."  (Doc. No. 1 at 4.)  This general allegation of harassment and mistreatment is insufficient to state a viable claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Plaintiff makes a passing reference to retaliation.  (Doc. No. 1 at 4.)  It is true that an act of retaliation for the exercise of a constitutionally protected right is actionable under Section 1983.  *See, e.g.*, *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990).  However, Plaintiff has failed to allege that he was retaliated against for exercising a constitutionally protected right.

In addition, whether Plaintiff's more specific allegations are construed as examples of

Defendants' harassment of him or as separate claims, they are insufficient to state a viable claim. Spending a significant amount of time in lockdown is not "a dramatic departure from the basic conditions" of a prisoner's confinement and thus does not constitute "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) (quoting *Sandin v. Conner*, 515 U.S. 472, 485-86 (1995)).  And, while Plaintiff alleges that he belonged in open population, implying that the requirement of twenty-three hour lockup was improper in his case, there is no Section 1983 liability for violating prison policy.  *See, e.g.*, *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).  Plaintiff's allegation regarding the "handling" of his food lacks specificity; he has failed to allege an infringement upon his right to nutritionally adequate food.  *See, e.g.*, *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992).  Similarly, with respect to his claim that he was kept from "all outside contacts," Plaintiff has failed to allege the existence of unreasonable limitations.  Prison officials can reasonably limit prisoners' activities when necessary to maintain security; more specifically, necessary and reasonable limitations on prisoners' rights to communicate with people outside the prison are permissible. *Martin*, 780 F.2d at 1338.  Finally, while Plaintiff alleges that his safety was endangered by Defendants' "not answering speaker," general principles of tort law require that a plaintiff suffer some actual injury before he can receive relief in a Section 1983 action.  *See, e.g.*, *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

   For all of these reasons, I find Plaintiff's Complaint fails to state a claim to relief that is plausible on its face.  I note Plaintiff has pled little facts in support of his Complaint.  If Plaintiff has additional information that would bolster his allegations, he should provide that information in his objections to this recommended disposition.

## IV.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 18th day of January, 2017.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]Title 28 U.S.C. § 1915(g) provides that:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."